**FRIEDRICH, ETC., Appellee, v NOLAN, ET, Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 6859.  Decided November 17th, 1947.

Bauer & Dreyer, for appellee.

Hyman B. Rosen and Lester B. Butterworth, both of Cincinnati, for appellants.

## OPINION

By HILDEBRANT, J.

Appeal on questions of law from a judgment for plaintiff following a jury verdict, finding plaintiff entitled to a commission for selling defendant's real estate.

Number six of the seven assignments of error is directed at the giving of the following special charge, requested by the plaintiff:

"I charge you, members of the jury, that if you find that the evidence most favorable to plaintiff's case, tends to prove that the broker and the owner entered into an oral agreement, whereby the broker was employed to sell the owner's property at a fixed commission, and the broker thereupon made an effort to procure a purchaser and presented an offer from a prospective purchaser to the owner, and after the offer was presented, the owner and purchaser consummated the sale,

then and in that event the broker is the procuring cause of the sale and is entitled to recover the agreed commission based on the actual sale price, and your verdict must therefore be for the plaintiff."

This charge violates the rule as stated in **Van Demark v Tompkins, Exr., 121 Oh St 129, at p. 132:**

"It is, of course, the general rule that the jury is to determine the issues from all the evidence in the case, not that produced and offered exclusively by one side or the other, but from the testimony of all witnesses, the depositions, and any other items of evidence admitted at the trial."

See, also: **Cincinnati Traction Co. v Williams, 115 Oh St 124; Travelers' Ins. Co. of Hartford, Conn. v Gath, 118 Oh St 257.** This Court has followed the general rule in **City of Cincinnati v Tuke, et al., 70 Oh Ap 47; Sweeney v Schneider, 73 Oh Ap 157; Estridge, Admx. v Cincinnati Street Ry. Co., 76 Oh Ap 220.**

In 39 O. Jur., p. 985, it is stated:

"The jury, in weighing the evidence with the view of determining in whose favor it preponderates, should weigh and consider all of the evidence introduced by both parties, and they should be instructed so to do by the court. The charge should not be drawn so as to confine the jury, in weighing the evidence in favor of one party, to that offered by such party, excluding any benefit that might be derived from his adversary's evidence, or from that of any witnesses. The jury should be instructed to consider, in weighing evidence for either party, all the evidence introduced by both."

The above charge would seem to deny to the defendant the right to have the jury consider all the evidence on the issues submitted and tend to mislead the jury into considering only a part or less than all of the evidence introduced which might bear on those issues, and, therefore, constitutes prejudicial error.

There are no other errors, prejudicial to defendant in the record.

The judgment is reversed and the cause remanded for further proceedings according to law.

HILDEBRANT, J, MATTHEWS, PJ, and ROSS, J, concur in Syllabus, Opinion and Judgment.